## Case No. 1,558.

### BLOOMER v. GILPIN et al.

[4 Fish. Pat. Cas. 50.] [1]

Circuit Court, S. D. Ohio. Oct. Term, 1859.

PATENTS — INFRINGEMENT—WHAT CONSTITUTES—JURISDICTION — LICENSE —VALIDITY OF ASSIGNMENT—ESTOPPEL—EXPIRATION OF PATENT PENDING SUIT.

1. It is no ground of jurisdiction, under the patent law, that the contract between the parties relates to a patent right.

2. But if an infringement is proved, jurisdiction is conferred; and, having power to protect the rights of the parties, the court will take cognizance of the matters as incidental to the infringement.

3. Where it was provided by the terms of a license that it should not be transferred without the consent of W., the licensor, but it appeared that after it had been assigned without such consent, B., the assignee of W., made settlement and received royalties from the assignees: Held, that B. was estopped from urging the invalidity of the transfer.

4. A provision that work shall not be done for less than seven dollars per thousand feet, is satisfied, although the work at that rate was paid for in lumber instead of cash.

5. The mere making of a patented machine although it is neither used nor sold is an infringement of the right of the patentee, for which an action may be maintained.
[See Whittemore v. Cutter, Case No. 17,600; Haselden v. Ogden, Id. 6,190.]

6. Where the defendants were authorized to use one machine only, but constructed two, they are not relieved from liability by the fact that both were never in operation at the same time.

7. If the patent expires pending the litigation, the bill will be retained for an account.

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

In equity. This was a bill in equity filed [by Elisha Bloomer against Thomas Gilpin and Joseph H. Gilpin] to restrain the defendants from infringing letters patent for "improvements in planing and tonguing and grooving machines," granted to William Woodworth, December 27, 1828, and more particularly referred to in the case of Foss v. Herbert [Case No. 4,957].

E. P. Norton and Coffin & Mitchell, for complainant.

M. H. Tilden, for defendants.

LEAVITT, District Judge. This was a bill for an injunction to restrain the defendants from infringing the plaintiff's exclusive right to the invention known as "Woodworth's Patent Planing Machine," and for an account of profits. It avers, that on December, 27, 1828, a patent issued to William Woodworth, for a machine for "planing, tonguing, and grooving boards, planks, and other materials;" that in December, 1842, the patent was extended to William W. Woodworth, as administrator, pursuant to the provisions of law, for the period of seven years; that on August 9, 1843, said administrator assigned his interest in the patent for the extended term, to James G. Wilson, for the territory named in the assignment; that in January, 1844, the patent, excepting the state of Vermont, was assigned to said Wilson; that the patent was extended in February, 1845, by special act of congress, to December 27, 1856; that by deeds dated respectively March 14, and July 9, 1845, the administrator assigned the patent for the whole of the extended term to the said Wilson; and that on July 2, 1849, Wilson assigned to the complainant, Bloomer, his interest in the patent, for the county of Hamilton, and five miles of the adjacent territory of Kentucky, along the Ohio river, together with "the proceeds arising out of thirteen licenses theretofore granted for using said machine within said territory."

The bill then avers that the defendants, about July 1, 1853, at Cincinnati, "without any legal grant or license therefor, and in violation and defiance of the patent rights aforesaid, did make and construct, or cause to be made and constructed, and set up and put in operation, a machine, or machines, for planing, tonguing, and grooving, etc., in all material parts, substantially like, and upon the plan of the machines invented, made, and put in operation by said Woodworth, and described, in said letters patent; by reason of which infringement, the plaintiff alleges, he has been greatly injured, and the defendants have made profit, to an amount not less than five thousand dollars."

The bill also refers to the claim of the defendants to use a planing machine, under a license from Wilson to Bicknell & Jenkins, and alleges that the conditions on which said license was granted have not been complied with, and that no rights have accrued to the defendants under it. It is alleged as a specific violation of the conditions of said license, that the defendants have planed boards at a less price than seven dollars the thousand, and have received payment therefor in lumber, instead of cash. It is also alleged that the license under which the defendants claim is inoperative and void, for the reason that Wilson has never given his written consent to its transfer to them, as required by the contract between Wilson and Bicknell & Jenkins. And the bill also avers that the defendants have used and kept in operation a machine for the sole purpose of planing the surface of boards, without the machinery for tonguing and grooving, constructed on the precise plan of the Woodworth patent, in addition to that for which the license was granted, and in plain violation of the plaintiff's rights.

In their answer the defendants admit that, since September 2, 1853, they have had in operation, at Cincinnati, a Woodworth planing machine, complete in all its parts, in virtue of a license granted by said Wilson to Bicknell & Jenkins, under a contract executed between the said parties, April 21, 1846; which license has legally vested in them by assignment. The defendants deny that they have made for sale, or sold, any of said patented machines.

They admit that they have, in some cases, received payment for the work done by said machine in lumber, but deny that they have ever charged or received less than seven dollars the thousand feet for such work. But they admit that they have erected and used a machine for planing the surfaces of boards, without the appendages for tonguing and grooving, constructed on the plan and principle of the Woodworth patent, which is entirely distinct from the complete machine, and which they have never used when the other was in operation. This, they aver, has been done merely to avoid the inconvenience and loss of time resulting from the adjustment of the entire machine for the single operation of planing the surface of boards; and they say it is not a violation of the plaintiff's exclusive right, or of any of the conditions of the license under which they claim.

This brief statement of the averments of the bill and answer will suffice to indicate the questions arising in this case. Before passing to their consideration it will be proper to notice some of the provisions of the contract, before referred to, between Wilson and Bicknell & Jenkins. By this contract, Wilson assigned to Bicknell & Jenkins the exclusive right to the patent, within the territory before described, for its whole term, subject to certain conditions and exceptions stated. It is provided, among other things, that the licenses previously granted by Wilson shall continue in force so long as the licensees shall comply with the conditions on

which they were granted; and Wilson also reserves the right of granting other licenses, with the restriction that the whole number shall not exceed thirteen; and that Bicknell & Jenkins shall not make or use any machines within the territory described, until the number licensed shall be reduced to eight, and that when so reduced they shall be kept at that number. It is also agreed that the licensees shall pay Wilson one dollar and twenty-five cents for every thousand feet of lumber passing through any of the licensed machines, and that no licensee shall receive less than seven dollars the thousand feet for boards planed; and that a violation of any of these conditions shall work a forfeiture of the license. It is also stipulated that the licensees shall render monthly accounts of the work done by the machines, and promptly pay the amounts due to Wilson, or his assignee.

In the argument of the defendants' counsel it is insisted that, in this state of the case, the court has no jurisdiction; and this point is to be first considered. It is urged, in support of this position, that the plaintiff's claim to a decree is based on an alleged violation of the conditions of a license to use a patented machine, and is not, therefore, cognizable in this court under the patent laws of the United States conferring exclusive jurisdiction on the circuit courts in certain cases. And this objection must prevail, unless, in connection with his claim for an account of profits, he has proved an infringement of the patent. It is clearly no ground of jurisdiction, under the patent law, that the contract between the parties relates to a patent right. But if an infringement is proved, jurisdiction is conferred; and, having power to protect the rights of a party under a patent, the court will take cognizance of other matters, as incidental to the infringement. This is the doctrine which has been long recognized by the federal courts, and was distinctly held by Judge McLean, in the case of Brooks v. Stolley [Case No. 1,962].

But aside from this consideration, it is not perceived why this court has not jurisdiction on the ground of contract. The plaintiff avers in his bill that he is a citizen of the state of New York; and it sufficiently appears that the sum claimed and in controversy exceeds five hundred dollars. This meets the requirements of the statute conferring jurisdiction on the circuit courts of the United States.

The claim of the plaintiff to a decree for an account of profits, is based, first, on the ground that the defendants, without any legal right, have used the Woodworth planing machine for their profit, and in violation of the rights of the plaintiff. And this presents the question, whether the defendants are protected in the use of the machine by the license under which they justify. The plaintiff's counsel insist that the license was void, as the written consent of Wilson to its transfer to the defendants was not obtained. This

was required by the contract between Wilson and Bicknell & Jenkins, and it is averred in the bill that such consent was not given. The answer admits this allegation, and avers that Bloomer, the assignee of Wilson, under the agreement of July 2, 1849, has waived his right to a strict observance of the clause referred to; and by making settlements and receiving payments from the defendants for the use of the machine, has acquiesced in the validity of the transfer of the license. There is no direct proof on the point in question, but as the objection urged is purely technical in its character, the court is justified in the inference, from the facts before it, that there has been a virtual waiver, by the plaintiff, of the provision referred to, and that he is now estopped from urging the invalidity of the transfer of the license, on the ground that Wilson's consent was not obtained. By his assignment to Bloomer, he was dissevered from all interest in the patent within the territory designated; and there was subsequently no reason for procuring his consent to the transfer of licenses granted under his contract with Bicknell & Jenkins. And as there is no ground for the conclusion, that it was ever insisted on by Bloomer, till the present controversy took place, it would be inequitable now to enforce it.

It is also insisted by the counsel for the plaintiff, that if the transfer of the license to the defendants is held to be valid, they have forfeited their rights under it, by failing to comply with the stipulations contained in the contract between Wilson and Bicknell & Jenkins. In the view taken by the court as to this point, it will not be necessary to inquire or decide whether a court of chancery, under the circumstances presented, can enforce a forfeiture. The evidence is clear, that as relates to the one machine for which a license was granted, no forfeiture has been incurred. It may be remarked here, that the plaintiff, in his bill, does not allege, as a ground of forfeiture, the non-payment of the sums stipulated to be paid, as the consideration for the use of the machine. The only ground insisted on, as a violation of the conditions of the license, is that the defendants planed boards at a less price than seven dollars the thousand feet. But the evidence wholly fails to sustain this allegation. The witnesses state that in some instances they paid for the work performed by the machine in lumber, at cash prices, but never at a lower rate than seven dollars the thousand feet. As there is no requisition in the contract that the work done by the machine shall be paid for in cash, it was not a violation of its terms to receive payment at the stipulated price, in other property, at its value in cash.

It results from the conclusions thus indicated, that the license held by the defendants is a justification for the use of one planing machine; and as to this, there is no sufficient ground for a decree for an account of profits. And the only inquiry which remains, is

whether the defendants infringed the plaintiff's rights under the patent, by the construction and use of a second machine for the purpose merely of planing the surfaces of boards, without the machinery for tonguing and grooving.

On this point there is no controversy as to the facts. The allegations of the bill are admitted by the answer, and the making and use of the second machine is justified under the license held by the defendants. It seems to be a clear proposition that such a right was not granted by the license, and that the construction and use of the second machine was an infringement of the plaintiff's rights under the patent. The license grants the right to build and use one machine, and can by no construction be held to extend to two. It is well settled that the mere making of a patented machine, though it is neither used nor sold, is an infringement of the right of the patentee, for which an action may be maintained. The defendants in this case not only constructed, but used, the machine, and they are not relieved from liability by the fact asserted, that both were never in operation at the same time. The second was made and used for their convenience and benefit, and it is not to be doubted that it aided in increasing their profits. And on the theory of the contract between Wilson and Bicknell & Jenkins, it lessened correspondingly the value of the plaintiff's patent.

A reference to a master, to ascertain and report the profit accruing to the defendants from the use of the second machine, will be necessary. A decree embracing such an order of reference may be entered.

As the patent has expired, no injunction can issue, as prayed for by the plaintiff.

[NOTE. For other cases involving this patent, see note to Gibson v. Van Dresar, Case No. 5,402.]